Filed 5/11/26  P. v. Jackson CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>DYLAN JACKSON,<br><br>     Defendant and Appellant. | D085771, D085774, D085775, D085776<br><br><br>(Super. Ct. Nos. SCD302414, SCD296916, SCD298493, SCD299521) |

CONSOLIDATED APPEALS from judgments of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Affirmed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In January 2025, Dylan Jackson entered into a plea agreement that resolved four separate cases.

In case SCD302414, Jackson pleaded guilty to making a criminal threat (Pen. Code,[1] § 422), attempting to dissuade a witness from prosecuting a crime (§ 136.1, subd. (b)(2)), and inflicting corporal injury upon a person with whom he was dating resulting in a traumatic condition (§ 273.5, subd. (a)).

In case SCD298493, Jackson pleaded guilty to unlawfully possessing a firearm (§ 29800, subd. (a)(1)). Jackson also admitted he had suffered a prior strike conviction.

In case SCD299521, Jackson pleaded guilty to assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)) and admitted he personally inflicted great bodily injury (§ 12022.7, subd. (a)).

In case SCD296916, the court found Jackson violated his probation.

As part of the plea agreement, the People dismissed other counts and special allegations, including one count of failing to appear while on bail (§ 1320.5). Jackson agreed to be sentenced to seven years in state prison. He also agreed to a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754, permitting the judge to consider his prior criminal history and the entire factual background of his case, including any unfiled, dismissed, or stricken charges, enhancements, allegations, or cases when, inter alia, ordering restitution. Jackson specifically agreed he would pay restitution for the loss of bail money that resulted from his failure to appear.

Jackson was sentenced in accordance with the plea agreement. Jackson filed a timely notice of appeal. We granted Jackson's request to consolidate each case into this appeal. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 indicating counsel

---

1    Hereafter, undesignated statutory references are to the Penal Code.

thoroughly reviewed the record and did not identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. To assist the court in its review and in compliance with *Anders v. California* (1967) 386 U.S. 738, counsel identified one issue that he considered in evaluating the potential merits of this appeal:

Did the court impose an unauthorized sentence pursuant to section 1202.4, when it sentenced Jackson to a term in prison, and ordered him to pay $600 in victim restitution to I.G. to compensate her for the money that she lost when she paid for his bond and he then failed to appear, given that Jackson was not convicted of having failed to appear while on bail?

We offered Jackson the opportunity to file his own brief on appeal, but he has not responded.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel represented Jackson on this appeal.

## DISPOSITION

The judgments are affirmed.

BUCHANAN, J.

WE CONCUR:

DATO, Acting P. J.

KELETY, J.

3